# Kinney's Election Expenses.

*Election law—Election expenses—Audit of candidate's account—Findings of fact.*

Where an auditor appointed to audit the account of a candidate's election expenses, finds as a fact that certain expenditures alleged to have been made by him and not included in the account, were not so made, and such finding is adopted by the lower court, the appellate court will not reverse the decree made on such findings, in the absence of manifest error or abuse of discretion.

Argued Dec. 10, 1908. Appeal, No. 216, Oct. T., 1908, by George M. Cosler et al., from order of Q. S. Monroe Co., dismissing exceptions to auditor's report In the Matter of the Nomination Account of Eugene Kinney, a candidate for office.

Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.   Affirmed.

Exceptions to report of A. R. Brittain Esq., auditor.
The opinion of the Superior Court states the case.

*Error assigned* was order dismissing exceptions to auditor's report.

*F. B. Holmes*, for appellant.

*Rogers L. Burnett*, with him *Cicero Gearhart* and *Stewart S. Shafer*, for appellee.

Opinion by Head, J., April 19, 1909:

Eugene Kinney was a candidate at the spring primaries for nomination to the office of representative in the general assembly of Pennsylvania from Monroe county.   In due time he filed his account of moneys expended for election expenses under the act of March 5, 1906.   On the application of the appellants this account was audited in the first instance by an auditor appointed by the court to which the petition was addressed.   He heard a mass of testimony and filed a detailed report finding: "That the candidate's campaign for nomination was conducted in a lawful manner and that substantially all of his nomination expenses are comprehended in his account, and that the costs of the audit be paid by the petitioners."   To this report the appellants filed eighty-eight exceptions, complaining almost exclusively of the refusal of the auditor to find certain facts which the exceptants alleged were established by the testimony. The learned court below, however, dismissed all of these exceptions and confirmed the report of the auditor.   From that order of confirmation this appeal was taken.

No complaint was made by the petitioners as to the form of the account, nor was there any allegation that the accountant had not in detail set out the manner in which he expended the money accounted for.   The total amount of cash actually expended by the candidate, as shown by his account, was $170.90.

This aggregate was made up of forty-eight items. Only four of these were in excess of $10.00. These included a printing bill of $22.85, a subscription to the county committee of $15.00, a counsel fee of $20.00, and the traveling expenses of one John Welter, $15.00. The remaining forty-four items were small sums ranging from twenty-five cents to about $6.00. The unpaid debts and obligations aggregated a further sum of $66.00, about one-half of which was counsel fees, and the remainder, bills for the transportation of voters.

There was not, therefore, either in the total amount expended or in the manner in which the account was stated, anything to invite criticism or make necessary an audit of the account. The effort of the petitioners throughout the audit was to show that the candidate had expended on different occasions small sums of money for liquor or cigars, which sums it was contended should have been embraced in his account. Considerable testimony of a conflicting character was introduced on this subject. The auditor saw and heard the witnesses, and in his report gives his reasons for his conclusion that the weight of the testimony was with the accountant and that the petitioners had failed to show any substantial defect in the account as filed. As already stated, the court upon a review of the testimony, adopted the findings of fact of the auditor and confirmed his report, and thus the record stands in this court.

In an opinion this day filed, In Re Audit of the Account of H. O. Bechtel, post, p. 292, we expressed at some length our views as to the true construction of those portions of the act of 1906 which provide for the filing and auditing of the accounts of candidates. For the reasons there given we must accept as established the facts found by the auditor and adopted by the learned court below. With the questions of fact thus disposed of, nothing is left of the case of the petitioners. As already stated, they have no complaint to make as to the character of the account, but relying upon their ability to establish the facts, dehors the record, necessary to show that the candidate had failed to include in his account a substantial portion of his election expenses, the auditing proceedings were instituted. The legislature in its wisdom has declared that if the petitioners

fail upon the audit to show that the accountant has in some way fallen short in the performance of the duties imposed upon him by the law, they shall pay the costs of the proceeding.

We can see nothing in this record that would warrant us in reversing the decree made by the learned court below, and the appeal is therefore dismissed at the costs of the appellants.

Decree affirmed.